UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAJMA J IBN TALAL,

                Plaintiff,

        -against-

NYC HEALTH + HOSPITAL,

                Defendant.

22-CV-5060 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction and asserting violations of the First and Fourteenth Amendments. She sues NYC Health + Hospitals ("H+H") (formerly known as the New York City Health and Hospitals Corporation) and alleges that she was not treated for her injuries after she was assaulted and transported to an H+H hospital. By order dated July 20, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

### A.   Plaintiff's allegations in the complaint

The following assertions are taken from the complaint. On November 20, 2019, Plaintiff was assaulted by two unidentified persons and was "severely injured" and lost consciousness. (ECF 1, at 5.)[1] Plaintiff was then subjected to "torturous conditions," which included the denial of "911 emergency services" by unspecified persons, and being told that she would have to wait

---

[1] The Court quotes from the complaint verbatim. Unless otherwise indicated, all grammar, spelling, punctuation, and emphasis are as in the original.

for certain personnel to take her to a hospital, which took about an hour and a half. Finally, individuals "wearing unmarked and unfamiliar uniform[s]"and driving an "unfamiliar vehicle" arrived to transport Plaintiff to a hospital. (*Id*.) Before she was taken to the hospital , Plaintiff was told to stop crying, and her legs and feet, which were already injured from the assault, were shackled and she was handcuffed. She was then taken to Lincoln Medical Center, an H+H hospital in Bronx, New York, where she was taken out of the unmarked vehicle and escorted inside by her two assailants. Plaintiff claims that while escorting her into the hospital, one of her escorts assaulted her again, smacking and shoving Plaintiff's head, and twisting the handcuffs on her wrists.

At the hospital, a doctor immediately removed the hijab Plaintiff was wearing without her consent. He told Plaintiff that if she wanted her injuries from the assault to be documented, she would have to remove her clothing in front of him so that he could examine her entire body. Plaintiff felt that it was "unnecessary and very inappropriate" to remove her clothing, as her injuries were already visible. (*Id*. at 6.) Plaintiff left the hospital without getting any treatment for her injuries.

Plaintiff brings this action asserting that, when she was younger, she was twice assaulted by a doctor, "so for another male doctor to request to see [her] body parts again was very traumatic for [her] as [her] injuries were on [her] wrist and head, not on [her] breasts and genitals." (*Id*.) She sues H+H for the alleged violations, and seeks 20 million dollars in damages, "as there were many culprits involved in [her] injuries and removal from the [S]tate of New York." (*Id*.)

## B.      Plaintiff's prior action

Plaintiff previously filed an action in this court in which she asserted the same or similar claims. In February 2022, Plaintiff filed a lawsuit against the New York City Police Department

(NYPD) and its 44th and 107th Precincts; Lincoln Medical Center; "PATH DHS"; H+H; and the City of New York. *See Ibntalal v. Path DHS Dep't of Homeless Servs.*, ECF 1:22-CV-1500 (S.D.N.Y. Aug. 1, 2022) ("*Talal I*").[2] She alleged in that action that, on November 20, 2019, two security guards used excessive force against her outside the New York City Department of Homeless Services ("DHS") PATH Assessment Center in Bronx, New York. *See Talal I*, ECF 1:22-CV-1500, 8, at 5-6. She further alleged that, after the assault, she was taken to Lincoln Medical Center, where a doctor removed her hijab and told her that she would need to remove her clothing to be examined. Plaintiff then left the hospital and went to the NYPD's107th Precinct in Queens County, New York, to file a police report, but she was told that the NYPD would not "[t]ake a report against a NYC agency." (*Id.* at 6.) Plaintiff claimed that someone at the 107th Precinct "called 911 to take [her] to a Queens Hospital," where hospital employees would only document that Plaintiff complained of wrist pain, and would not document that she had a "ruptured vein." (*Id.*) Plaintiff also complained of problems with discrimination and harassment at DHS shelters since 2017, and attempted to bring claims on behalf of her daughter.

On April 4, 2022, the Court issued an order to amend which: (1) dismissed Plaintiff's claims against the NYPD and the 44th and 107th Precincts, DHS, and the Lincoln Medical Center because those entities can be sued only in the name of the City of New York or H+H; (2) held that Plaintiff failed to state a claim against the City of New York or because she did not allege the existence of a municipal policy, custom, or practice by those defendants that caused a violation of her rights; and (3) granted Plaintiff leave to file a second amended complaint *See Talal I*, ECF 1:22-CV-1500, 14. The Court explained in the order that if Plaintiff asserted a claim

---

[2]Plaintiff has filed cases in this court opened under the names "Najma J. Ibn Talal," "Najma Ibn Talal," and "Najma Juma Ibntalal."

against the City of New York or H+H in the second amended complaint, "she must plead facts showing that the entity had a policy, custom, or practice that caused a violation of her constitutional rights." (*Id.* at 7.)

On June 3, 2022, Plaintiff filed a second amended complaint in *Talal I*, naming the City of New York as the sole defendant. Shortly after, she filed this action against H+H. On August 1, 2022, the Court dismissed *Talal I*, holding that Plaintiff's second amended complaint was beyond the scope of the original lawsuit and permitted amendment, and failed to plead facts showing how any policy, custom, or practice of the City of New York caused a violation of her rights. *See Talal I*, ECF 1:22-CV-1500, 16.

## DISCUSSION

42 U.S.C. §1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Plaintiff brings this action asserting that H+H and its employees violated her federal rights, the complaint is construed as being brought under Section 1983.[3]

Plaintiff brings this action against H+H under the First and Fourteenth Amendments to the Constitution. Her assertions that a male doctor at Lincoln Medical Center took off her hijab

---

[3]H+H is a public benefit corporation created by New York State law. *See* N.Y. Unconsol. Law § 7382; *see also Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). As a public benefit corporation, Hand its employees are state actors for the purposes of Section 1983. *See Rookard v. Health and Hosps. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983); *Mejia v. NYC Health & Hosps. Corp.*, ECF 1:16-CV-9706, 130, 2018 WL 3442977, at 5 (S.D.N.Y. July 17, 2018). H+H has the capacity to be sued under state law. *See* N.Y. Unconsol. Law § 7385(1).

and told her that she needed to take off her clothes to be examined suggest that she believes the doctor engaged in religious discrimination.[4] However, as the Court explained in *Talal I*, when a plaintiff sues H+H under Section 1983, it is not enough for the plaintiff to allege that H+H's employees or agents engaged in some wrongdoing; the plaintiff must show that H+H itself caused the violation of the plaintiff's rights. *See Talal I*, ECF 1:22-CV-1500, 14, at 5 (citing to *Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011)). In other words, to state a claim against H+H under Section 1983, the plaintiff must allege facts showing (1) the existence of an H+H policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted); *Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (applying standard for Section 1983 municipal liability to H+H).

Plaintiff again fails to allege any facts suggesting that a policy, custom, or practice of H+H caused a violation of her federal constitutional rights. Her assertions that an individual H+H employee did something that violated her rights are insufficient to state a Section 1983

---

[4]Because Plaintiff brings this action solely against H+H and does not name as defendants any individuals associated with the alleged assault, the Court does not address her assault claims. The Court notes, however, that Plaintiff was given an opportunity to amend those claims in *Talal I.*

claim against H+H. As in *Talal I*, the Court must dismiss Plaintiff's claims against H+H for failure to state a claim on which relief.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff was given leave to amend her claims against H+H in *Talal I*, and she brings this new action with the same claims but failed to cure the noted defects, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   November 14, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge